# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| CYNTHIA SHEEHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:12 CV 477 |
| | ) | |
| BRADY'S THIS IS IT, RON COHEN, | ) | |
| DAVID COHEN, NATALIE COHEN, | ) | |
| BLANCA MENCHACA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the court on defendants Brady's This is It, Ron Cohen, David Cohen, Natalie Cohen, and Blanca Menchaca's ("defendants") motion for summary judgment on plaintiff Cynthia Sheehy's claims. (DE # 31.) Plaintiff has not filed a response, and the time to do so has passed. For the following reasons, defendants' motion is granted.

## I.    Background and Facts[1]

Plaintiff was employed by defendant Brady's This Is It for approximately eleven years (2001-2012). (DE # 32 at 2; DE # 33-1 at 1; Affidavit of Ronald Cohen ¶ 6.) On or about February 2, 2012, plaintiff filed a charge of discrimination against defendant Brady's This Is It with the Gary Human Relations Commission, alleging racial

---

[1] The following facts are taken from defendants' statement of material facts. (DE # 32 at 2.) Because plaintiff has not responded to defendants' motion, the court will treat these facts as undisputed for purposes of ruling on defendants' motion. Fed. R. Civ. Pro. 56(e)(2).

discrimination. (DE # 32 at 2; DE # 33-2 at 7.) The Gary Human Relations Commission investigated plaintiff's claim, and determined that no discrimination had taken place. (DE # 32 at 2-3; DE # 33-2 at 11-14.) Plaintiff's employment with Brady's This Is It ended on or about June 22, 2012, when plaintiff was terminated for violating company policy, threatening management, dishonesty, and insubordination. (DE # 32 at 3; DE # 33-1 at 2; Affidavit of Ronald Cohen ¶ 7.)

On or about June 28, 2012, approximately one week after her employment was terminated, plaintiff amended her charge with the Gary Human Relations Commission to include claims for religious discrimination, retaliation, and discrimination under the Americans With Disabilities Act. (DE # 32 at 3; DE # 33-2 at 8.) On that same day, plaintiff also requested that the Equal Employment Opportunity Commission ("EEOC") further investigate her charge. (DE # 32 at 3; DE # 33-2 at 9.) On June 29, 2012, approximately one week after her employment with Brady's This Is It ended, plaintiff filed a Chapter 7 bankruptcy petition. (DE # 32 at 3; DE # 33-3 at 2-4.)

On her bankruptcy petition, plaintiff was required to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (DE # 32 at 3; DE # 33-3 at 13 (emphasis in original).) Additionally, plaintiff was required to list "[o]ther contingent and unliquidated claims of every nature . . . ." (DE # 32 at 3; DE # 33-3 at 21.) Plaintiff listed two pending collection proceedings in Lake County Superior Court, but did not list the charges that she had filed with the Gary Human Relations Commission or any of

the other claims she brings against defendants in this suit. (DE # 32 at 3-4; DE # 33-3 at 13, 21.) After submitting her original petition, plaintiff never updated her Statement of Financial Affairs or her Schedule B during the pendency of her bankruptcy case. (DE # 32 at 4; DE # 33-3 at 96-98.)

On or about July 29, 2012, plaintiff contacted the EEOC seeking a right to sue letter. (DE # 32 at 4; DE # 33-2 at 10.) The EEOC issued plaintiff a right to sue letter on August 22, 2012. (DE # 32 at 4; DE # 33-2 at 2.) After receiving her right to sue letter, plaintiff did not update her bankruptcy schedules to include her claim. (DE # 32 at 4; DE # 33-3 at 96-98.) On October 11, 2012, the bankruptcy court entered an order discharging plaintiff in bankruptcy under 11 U.S.C. § 727. (DE # 32 at 4; DE # 33-3 at 92.) On November 19, 2012, plaintiff filed the present action raising the claims that she had outlined in her charges with the Gary Human Relations Commission and the EEOC. (*See* DE # 1.) Plaintiff also added claims for wrongful termination, criminal confinement, and battery. (*Id.*)

All of plaintiff's claims arose out of her employment and subsequent termination at defendant Brady's This Is It. (*Id.*) All of the allegations in plaintiffs complaint involve incidents that occurred prior to plaintiff filing her bankruptcy petition on June 29, 2012. (*See id.*; for a detailed explanation of the facts supporting plaintiff's claims, *see* DE # 19, *Sheehy v. Brady's This Is It*, No. 2:12 CV 477, 2013 WL 3319684, at *1 (N.D. Ind. July 1, 2013)). Additionally, plaintiff's complaint was filed in her own name individually, and not in the name of the bankruptcy trustee. (*See* DE # 1.) Since the filing of her complaint,

plaintiff has not sought to reopen her bankruptcy proceeding to disclose her pending action against defendants. (DE # 32 at 4-5.)

II.    **Analysis**

Defendants make only one argument in support of their motion for summary judgment: "Plaintiff should be judicially estopped from further pursuit of the claims in this case given her failure to disclose those claims in her bankruptcy proceeding. " (DE # 32 at 6.) As noted above, plaintiff has not filed a response to defendants' motion for summary judgment, and therefore, has failed to present any argument in opposition to defendants' position on this issue.

"Judicial estoppel precludes parties from abandoning positions taken in earlier litigation." *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540, 1547 (7th Cir. 1990) (citations and quotations omitted). "The principle is that if you prevail in Suit # 1 by representing that A is true, you are stuck with A in all later litigation growing out of the same events." *Id.* (citations and quotations omitted). "To invoke judicial estoppel, a court must identify three elements: (1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position." *Cooper v. Eagle River Memorial Hosp., Inc.*, 270 F.3d 456, 462-63 (7th Cir. 2001).

Defendants direct the court to *Cannon-Stokes v. Potter* in support of their

argument that judicial estoppel applies in this case. 453 F.3d 446 (7th Cir. 2006). In

*Cannon-Stokes*, the plaintiff brought suit against her former employer under the

Rehabilitation Act. *Id.* at 447. At the same time she was pursuing her claim through

administrative proceedings, however, the plaintiff filed a Chapter 7 Bankruptcy

petition, but did not include her claim against the defendant as an asset. *Id.* After the

bankruptcy ended, the plaintiff filed suit against the defendant. *Id.* The defendant

moved to dismiss the suit under the doctrine of judicial estoppel because the plaintiff

had failed to include her claim against it on her bankruptcy petition. *Id.* The district

court granted summary judgment in defendant's favor on the merits, but, on appeal, the

defendant again argued that the plaintiff's claim was barred by the doctrine of judicial

estoppel. *Id.* at 447-48.

The Seventh Circuit began its analysis by noting that the elements of judicial

estoppel had been met:

> After the bankruptcy was over, [the plaintiff] filed this suit. Naturally
> enough, the [defendant] contended that judicial estoppel forecloses the
> action. [The plaintiff] had represented that she had no claim against the
> [defendant] (or anyone else); that representation had prevailed; she had
> obtained a valuable benefit in the discharge of her debts. Now she wants to
> assert the opposite in order to win a second time. That satisfies the
> requirements of judicial estoppel.

*Id.* The Seventh Circuit also noted that all of the other Courts of Appeals that had

analyzed whether someone in the plaintiff's position was barred by judicial estoppel

from bringing his or her claim had concluded that judicial estoppel applied. *Id.* at 448

Ultimately, the Seventh Circuit concluded that judicial estoppel barred the plaintiff's

claim:

> The answer [as to whether the plaintiff could pursue her suit] is no, as the other circuits (cited above) have concluded. "By making [litigants] choose one position irrevocably, the doctrine of judicial estoppel raises the cost of lying." *Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1428 (7th Cir. 1993). A doctrine that induces debtors to be truthful in their bankruptcy filings will assist creditors in the long run (though it will do them no good in the particular case)-and it will assist most debtors too, for the few debtors who scam their creditors drive up interest rates and injure the more numerous honest borrowers. Judicial estoppel is designed to "prevent the perversion of the judicial process," *In re Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990), a fair description of the result if we were to let [the plaintiff] conceal, for her personal benefit, an asset that by her reckoning is three times the value of the debts she had discharged. It is impossible to believe that such a sizeable claim-one central to her daily activities at work-could have been overlooked when [the plaintiff] was filling in the bankruptcy schedules. And if [the plaintiff] were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery. [The plaintiff] never did that; she wants every penny of the judgment for herself.

*Id.* at 448 (emphasis in original); *see also Rainey v. United Parcel Service, Inc.*, 466 F. App'x

542, 544 (7th Cir. 2012) ("Once the bankruptcy case is closed, however, a debtor no

longer can pursue claims on behalf of the estate, and typically will be estopped from

pursuing claims for his *own* benefit if those claims were concealed from creditors during

the bankruptcy proceedings." (emphasis in original)).

In this case, like in *Cannon-Stokes*, plaintiff filed a Chapter 7 Bankruptcy petition

while she was pursuing her charges with the administrative agencies, but did not list

her claims on her bankruptcy petition. After the bankruptcy court discharged plaintiff's bankruptcy, she filed the current suit against defendants. But at no time before filing her suit, or, as the record establishes, after filing her suit, did plaintiff attempt to notify the bankruptcy court of her claims against defendants. All of the incidents that provide the basis for plaintiff's claims occurred by the time plaintiff filed her bankruptcy petition. This is precisely the same situation that the Seventh Circuit faced in *Cannon-Stokes*. *Cannon-Stokes*, 453 F.3d at 447-49; *see also Becker v. Verizon North, Inc.,* No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. 2007); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-85 (9th Cir. 2001) ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.").

Thus, it appears that defendants are entitled to summary judgment based on the doctrine of judicial estoppel. The court, however, believes one additional issue warrants discussion before reaching a conclusion on the judicial estoppel issue -- whether plaintiff actually has standing to bring this suit, an issue that defendants only briefly touch on in their memorandum. (DE # 32 at 7.) "Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed." *Matthews v. Potter,* 316 F. App'x 518, 521 (7th Cir. 2009); *see also* 11 U.S.C. § 541(a)(1). "The trustee may abandon a legal claim, but until then only

the trustee, as the real party in interest, has standing to sue." *Matthews,* 316 F. App'x at

521; *see also Biesek v. Soo Line R.R. Co.,* 440 F.3d 410, 413 (7th Cir. 2006).

The question therefore becomes whether the trustee in plaintiff's bankruptcy case

abandoned plaintiff's legal claims against defendants. If the trustee did abandon the

claims, then plaintiff is the real party in interest and has standing to bring this suit.

*Matthews,* 316 F. App'x at 521. If the trustee did not abandon the claims, then the trustee

is the real party in interest, and plaintiff does not have standing to bring this suit. *Id.* As

best the court can tell, the trustee never formally abandoned plaintiff's legal claims

against defendants. The position defendants appear to take, however, is that the trustee

abandoned any interest in plaintiff's legal claims against defendants when the

bankruptcy proceeding ended. (DE # 32 at 7.)

The court believes that defendants' position on this issue is the correct one. There

is Seventh Circuit case law that supports this position. *See Cannon-Stokes*, 453 F.3d at

447-49 (failure to schedule claim resulting in discharge meant that "the trustee

abandoned any interest in this litigation, so the creditors are out of the picture . . . .").

Additionally, Judge Simon recently analyzed this question and came to the same

conclusion, determining that Seventh Circuit case law establishes the following rule:

> [W]hen a bankruptcy proceeding is open, standing principles operate to bar
> a debtor from pursuing a pre-bankruptcy claim. In contrast, if the
> bankruptcy case has been closed, then the trustee will be deemed to have
> abandoned the claim, and the judicial estoppel doctrine may apply, provided
> that its various elements are met.

*Canen v. U.S. Bank Nat. Ass'n,* 913 F. Supp. 2d 657, 662–65 (N.D. Ind. 2012). Therefore, the court concludes that plaintiff has standing to bring the current suit.

The fact that plaintiff has standing to sue simply means that the court can proceed to address the judicial estoppel issue. As noted earlier, all of the events that gave rise to plaintiff's current claims occurred before she filed her bankruptcy petition. Plaintiff, in fact, had pursued several of her claims through administrative proceedings prior to filing her bankruptcy petition. There is no doubt that plaintiff was aware of her claims against defendants prior to, and during, her bankruptcy proceeding. Yet, plaintiff never disclosed her claims to the bankruptcy court, and her bankruptcy case was discharged. Since that discharge, plaintiff has not attempted to notify the bankruptcy court of her claims against defendants. This warrants the application of judicial estoppel. *Cannon-Stokes*, 453 F.3d at 447-49; *see also Kimble v. Donahoe*, 511 F. App'x 573, 575 (7th Cir. 2013) ("By omitting her administrative charge against the [defendant], [plaintiff] represented that she had no claim against the [defendant] at the time of her bankruptcy, and she is estopped from arguing otherwise in a subsequent case."); *Canen,* 913 F. Supp. 2d at 666 ("[T]he [plaintiffs'] failure to disclose potential mortgage-related claims as assets during the entirety of their bankruptcy proceedings—when it's pretty clear that they were contemplating legal action at least ten months before declaring bankruptcy—is fatal to their current lawsuit. . . . I think

that the doctrine of judicial estoppel is the impediment to the [plaintiffs'] lawsuit . . . .").[2]

The court will therefore grant defendants' motion for summary judgment.

## III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is

**GRANTED**. (DE # 31.) Defendants' motion to compel (DE # 34) is **DENIED AS**

**MOOT**. There being no claims remaining against defendants in this case, the clerk is

directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendants Brady's This is It, Ron Cohen, David Cohen, Natalie Cohen, and Blanca Menchaca, and against plaintiff Cynthia Sheehy, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: June 24, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] Even if the trustee never abandoned plaintiff's claims against defendants, plaintiff would still be barred from proceeding in this suit due to a lack of standing. *Matthews,* 316 F. App'x at 521 ("The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue."); *see also Biesek*, 440 F.3d at 413 ("A Trustee in bankruptcy may abandon worthless or low value assets, including legal claims, see 11 U.S.C. § 554, and if the Trustee had abandoned this claim then [the plaintiff] could have prosecuted the suit in his own name. *Then* it would have been necessary to consider judicial estoppel." (emphasis in original)); *Leventhal v. Schenberg*, 917 F. Supp. 2d 837, 848 (N.D. Ill. 2013); *Esparza v. Costco Wholesale Corp.*, No. 10 C 5406, 2011 WL 6820022, at *3 (N.D. Ill. Dec. 28, 2011) ("Therefore, once plaintiff files for Chapter 7 bankruptcy, only the bankruptcy trustee has the capacity to sue and be sued.").